OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Robert Reed appeals the decision of the Mahoning County Court of Common Pleas denying both his post-sentence motion to withdraw his guilty plea and his motion for post-conviction relief.
 {¶ 2} First, we conclude the trial court did not err by denying Reed's post-sentence motion to withdraw his plea as he did not meet his burden of establishing the existence of a manifest injustice. Second, we conclude the trial court did not err by dismissing his successive petition for post-conviction relief as it was properly deemed as untimely. Accordingly, we affirm the trial court's decision.
 Facts {¶ 3} Reed was initially charged with 51 counts of receiving stolen property and 6 counts of forgery. At his arraignment in municipal court, Reed pled not guilty to these offenses. The case was transferred to the Court of Common Pleas. After reaching a plea agreement with the prosecution, Reed pled guilty to one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1)(B), a felony of the second degree. Reed was sentenced to a term of six years in prison.
 {¶ 4} Reed has since filed a motion to withdraw his plea and a successive petition for post-conviction relief. Both were denied by the trial court.
 Post-sentence Plea Withdrawal {¶ 5} As his first of two assignments of error, Reed states:
 {¶ 6} The trial court abused its discretion in denying the Appellant's post-sentence motion to withdraw a plea that was coerced."
 {¶ 7} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 8. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 8} When, as in this case, the movant seeks to withdraw his guilty plea after the trial court has imposed a sentence, he bears the burden of establishing the existence of a manifest injustice. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A defendant can only establish a manifest injustice in "extraordinary cases." Id. at 264. A manifest injustice has been defined by the Supreme Court as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208. Manifest injustice has been defined by this court as "an extraordinary and fundamental flaw in the plea proceedings." Statev. Lintner (Sept. 21, 2001), 7th Dist. No. 732 citing Smith.
 {¶ 9} As a preliminary matter, Reed claims that the trial court erred by applying the wrong standard of review to his motion. In its journal entry, the trial court states the proper standard for withdrawing a plea requires a manifest injustice to have occurred. The trial court, however, also lists the nine factors used to assess pre-sentence motions to withdraw. The trial court ultimately concludes that Reed's motion would fail under either standard. Thus, Reed has suffered no prejudice as he failed to meet either burden.
 {¶ 10} In this case, Reed presented the trial court with several allegations that he argues amount to a manifest injustice. Reed first claimed his guilty plea was unknowing and involuntary because his counsel was not certified to try second degree felony cases. Second, he stated that he was motivated by fear and under the influence of medication. Third, Reed maintained that counsel instructed him not to upset the judge and to cooperate with the court. Finally, Reed claimed that he "cooperated" because he was not "aware of the facts or the truth of the matter."
 {¶ 11} However, the doctrine of res judicata serves as a bar to many of Reed's claims. This court, and several other courts, has previously held that a criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. State v. Wright, 7th Dist. No. 01 CA 80, 2002-Ohio-6096, ¶ 37; see also State v. Reynolds, 3rd Dist. No. 12-01-11, 2002-Ohio-2823; State v. Reed (Oct. 5, 2001), 2nd Dist. No. 01CA0028; State v. Wyrick (Aug. 31, 2001), 5th Dist. No. 01CA17; Statev. Unger (May 23, 2001), 4th Dist. No. 00CA705; State v. Clemens (May 31, 2000), 9th Dist. No. 19770; State v. Jackson (Mar. 31, 2000), 11th Dist. No. 98-T-0182; State v. Jefferies (July 30, 1999), 6th Dist. No. L-98-1316. This is because a motion to withdraw a plea under Crim.R. 32.1 is the equivalent of a motion under Civ.R. 60(B).
 {¶ 12} "Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. Doe v. Trumbull Cty. Children's Services Bd. (1986),28 Ohio St.3d 128, 502 N.E.2d 605. We believe that the same bar reasonably applies to Crim.R. 32.1." State v. Hartzell (Aug. 20, 1999), 2nd Dist. No. 17499, 2.
 {¶ 13} "This, in effect, prevents a criminal defendant from having a second bite at the apple. If a defendant believes that the trial court has committed an error, then he should raise that error at the first possible opportunity, not in a collateral attack. The doctrine of res judicata applies to issues raised in a motion to withdraw a guilty plea in the same way that the doctrine applies to issues raised in a petition for post-conviction relief." State v. White (May 26, 2004), 7th Dist. No. 03 MA 168 at 3. See also State v. Wheeler (Jan. 25, 2002), 2nd Dist. No. 18717.
 {¶ 14} On the record in this case, the fact that trial counsel was not certified to try second degree felonies was brought to the attention of the trial court. When questioned by the judge about his attorney's inability to take the case to trial, Reed stated that he was satisfied with the representation he had received so far. If Reed wanted to challenge his attorney's lack of certification, it would have been appropriate on direct appeal since the alleged defect is apparent from the record.
 {¶ 15} Reed's assertion that he was under the influence of drugs when pleading guilty is likewise demonstrated by the record. The court asked if he was under the influence of drugs and Reed explained to the court that he was taking the prescribed drug Lithium. However, Reed told the court that the drugs were not affecting his ability to understand the proceedings stating, "I'm still clear in my head." Defense counsel then reaffirmed the fact that Reed was not suffering any ill effects from the drugs. If Reed was not satisfied with the colloquy regarding his mental capacity to plead guilty, he could have challenged it on direct appeal. Accordingly, these two claims are barred by res judicata.
 {¶ 16} With respect to Reed's remaining claims that he was ill advised or pressured by counsel into pleading guilty, these claims must also fail. The Supreme Court has held that if the record demonstrates compliance with Crim.R. 11, the defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. State v.Kapper (1983), 5 Ohio St.3d 36, 38.
 {¶ 17} A review of the plea hearing transcript reveals that the trial court complied with Crim. R. 11. The court explained to Reed that he had the right to have the Grand Jury review his charges since they were felonies. Reed stated that he understood and proceeded to waive indictment with a signed waiver. The court then went on to list the charges brought against Reed. He had been accused of engaging in a pattern of corrupt activity which involved the use of numerous stolen checks and credit cards amounting to 58 different acts.
 {¶ 18} The court explained that Reed had the right to a jury trial on all 58 allegations. The court advised Reed of his right against self incrimination. The court also explained that he had the right to put on a defense through his attorney. The court next explained that the State would have to prove all elements of his offenses beyond a reasonable doubt and that twelve jurors would have to unanimously determine his guilt. The court advised Reed that he could be sentenced from two to eight years in the state penitentiary and could be fined up to $15,000. Reed stated on the record that he understood. The court then explained Reed's right to appeal.
 {¶ 19} The court began a dialogue with Reed asking about his education and employment. The court also asked Reed what the State would need to do to prove Reed guilty. Reed responded that the State would bring to trial the evidence of the crimes and the statement he made to the police. The court asked Reed how long he could be sent to jail to which Reed responded, "up to eight years."
 {¶ 20} The court inquired on the record whether anyone promised Reed that he would be sentenced to something less than eight years. Reed responded in the negative. Reed told the court that he was entering into the plea intelligently, knowingly, and voluntarily. Reed then proceeded to plead guilty to one count of engaging in a pattern of criminal activity in violation of R.C. 2923.32(A)(1)(B), a felony of the second degree.
 {¶ 21} It is evident from the plea hearing transcript that the trial court did all that was required under Crim. R. 11. Reed's own self-serving declarations alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. Because Reed failed to present the trial court with any evidence other than his own declarations, the trial court did not abuse its discretion in denying Reed's post-sentence motion to withdraw his plea. Reed's first assignment of error is meritless.
 Post-conviction Petition Denied Without Hearing {¶ 22} As his second assignment of error, Reed claims:
 {¶ 23} "The trial court abused its discretion in denying Appellant's petition for postconviction relief without an evidentiary hearing when evidence within the record as well as evidence de hors the record support a finding of the ineffective assistance of counsel."
 {¶ 24} A court's consideration of successive petitions for post-conviction relief is limited by R.C. 2953.23(A) which states as follows:
 {¶ 25} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 26} "(1) Either of the following applies:
 {¶ 27} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 28} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 29} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 30} Reed's petition for post-conviction relief fails to satisfy the jurisdictional requirements of R.C. 2953.23(A). First, the petition does not indicate that Reed was unavoidably prevented from discovery of facts upon which he had to rely to present his claim for relief. Reed merely states that his first petition was dismissed for failure to attach any evidence. Because his first petition was not decided on the merits, Reed believes that he is now permitted to supplement the original petition. He is mistaken.
 {¶ 31} R.C. 2953.23(A) provides that a defendant may file only one petition for post-conviction relief, unless he can satisfy one of the narrow exceptions set forth in the statute.
 {¶ 32} Second, although Reed argues that his petition is based upon a new federal right that has been recognized by the United States Supreme Court, his argument is misplaced. More specifically, Reed argues that the United States Supreme Court deemed the R.I.C.O. statute to be unconstitutional. Reed does not specifically cite the case but does mention the R.I.C.O statute's application to abortion clinic protests. Reed is apparently referring to the United States Supreme Court decision in NOW v. Scheidler, (2003) 537 U.S. 393 which was decided on February 26, 2003.
 {¶ 33} In that decision, the Supreme Court determined that extortion under the Hobbs Act, the predicate act of the R.I.C.O. offense in that particular case, was not supported by the evidence because the protestors were not attempting to obtain property from the abortion clinic. The Court concluded that, to violate the Hobbs Act, a perpetrator must obtain actual possession of a victim's property. The abortion protesters merely interfered with the clinics' use of their property, without possessing it. Thus, they did not violate the Hobbs or R.I.C.O. Acts.
 {¶ 34} Notably, this decision was based upon the Court's application of existing law to the specific facts in that case. It did not declare that the statute was unconstitutional, nor did it decide that the statute was unconstitutionally applied. The Court merely decided that there was insufficient evidence to support the conviction. Accordingly, Reed cannot use the holding of that case as a basis for filing his post-conviction petition nearly two years after his conviction.
 {¶ 35} Because the trial court had no jurisdiction to entertain the untimely successive petition, the trial court did not err by failing to conduct an evidentiary hearing on the merits of the petition. See Statev. Smith (May 12, 2003), 5th Dist. No. 2002CA00424. Accordingly, this assignment of error is likewise meritless.
 {¶ 36} For the foregoing reasons, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs. Vukovich, J., concurs.