The STATE of Ohio, Appellee,

v.

KIDD, Appellant.

[Cite as State v. Kidd, 168 Ohio App.3d 382, 2006-Ohio-4008.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005-CA-37.

Decided Aug. 4, 2006.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and William H. Lamb, Assistant Prosecuting Attorney, for appellee.

Matthew Ryan Arntz and George A. Katchmer, for appellant.

FAIN, Judge.

{¶ 1} The defendant-appellant, David Kidd, appeals from an order of the Clark County Court of Common Pleas overruling his motion to withdraw his guilty plea. Kidd contends that the trial court erred in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea. We agree.

{¶ 2} Accordingly, the order of the trial court is reversed, and this cause is remanded for an evidentiary hearing on Kidd's motion to withdraw his guilty plea.

I

{¶ 3} In January, 2003, David Kidd was indicted on one count of engaging in a pattern of corrupt activity, one count of possession of crack cocaine, six counts of trafficking in crack cocaine, and five counts of possession of criminal tools. Pursuant to a negotiated plea agreement, Kidd pleaded guilty in May 2003 to two counts of trafficking in crack cocaine, thereby admitting that he knowingly sold, or offered to sell, crack cocaine in an amount exceeding five grams, but less than

ten grams, within 1,000 feet of a school. In exchange, the state agreed to dismiss the remaining counts. After a hearing, the trial court sentenced Kidd in accordance with an agreed sentence to a mandatory five-year prison term on each count, to be served consecutively for a total prison term of ten years, a mandatory fine of $7,500 on each count, for a total fine of $15,000, a five-year driver's license suspension, and a forfeiture of a 1987 Camaro and $1,474 in cash.

{¶ 4} Kidd appealed, and we affirmed his conviction and sentence. *State v. Kidd,* Clark App. No. 03CA43, 2004-Ohio-6784, 2004 WL 2903886. We overruled his assignment of error relating to ineffective assistance of counsel, holding as follows:

{¶ 5} "Entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary. That is not the claim made here. Thus, Defendant's guilty pleas waived the error he now assigns." (Citation omitted.) Id. at ¶ 16.

{¶ 6} Thereafter, Kidd filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, arguing that his plea was not knowing and voluntary due to ineffective assistance of counsel. Kidd claimed that he would not have pleaded guilty had he known that lab reports indicated that the amount of crack cocaine recovered was less than five grams. Kidd claimed that defense counsel had failed to inform him of the lab reports or to make a discovery request to obtain the lab reports. Kidd claimed that he did not find out about the lab reports until after he pleaded guilty. Kidd requested an evidentiary hearing.

{¶ 7} Without a hearing, the trial court overruled Kidd's motion to withdraw his guilty plea. From the trial court's order overruling his motion to withdraw his guilty plea, Kidd appeals.

II

{¶ 8} Kidd's sole assignment of error is as follows:

{¶ 9} "The trial court erred in failing to order an evidentiary hearing on appellant's motion to withdraw guilty plea[.]"

{¶ 10} Kidd contends that the trial court erred in overruling his motion to withdraw his guilty plea without an evidentiary hearing. Kidd contends that an evidentiary hearing is necessary to show that his plea was not knowing and voluntary due to the ineffectiveness of trial counsel. He contends that defense counsel failed to inform him of the lab reports or to make a discovery request to obtain the lab reports. Kidd contends that he would not have pleaded guilty to two counts of trafficking in crack cocaine in an amount exceeding five grams had

he known that the lab reports indicated the amount of crack cocaine to be less than five grams.

{¶ 11} Crim.R. 32.1 provides that a trial court may set aside a conviction and allow a defendant to withdraw his guilty plea after his sentence to correct a manifest injustice. The defendant has the burden of establishing that a manifest injustice exists, which requires a showing of extraordinary circumstances. *State v. Von Allmen*, Greene App. No. 2004–CA–51, 2005-Ohio-1384, 2005 WL 681296, at ¶ 11. "A hearing on a post-sentence motion to withdraw a plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." Id. at ¶ 12.

{¶ 12} Kidd alleges that his defense counsel was ineffective for failing to inform him of the lab reports or to make a discovery request to obtain the lab reports and that had he known of the lab reports, he would not have pleaded guilty.

{¶ 13} "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different." *State v. Stevens*, Montgomery App. No. 19572, 2003-Ohio-6249, 2003 WL 22764527, at ¶ 33, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. "Entry of a voluntary guilty plea waives ineffective assistance of counsel claims except to the extent that counsel's performance causes the waiver of Defendant's trial rights and the entry of his plea to be less than knowing and voluntary." (Citation omitted.) *Kidd*, 2004-Ohio-6784, 2004 WL 2903886, at ¶ 16.

{¶ 14} The record does not reflect that Kidd's counsel made a discovery request for the lab reports. The record also does not contain any information regarding the lab reports prior to Kidd's guilty plea. Kidd alleges that he did not find out about the lab reports until after his guilty plea, when his girlfriend received the lab reports from his counsel and mailed the lab reports to Kidd in prison. Kidd attached his girlfriend's affidavit to his motion to withdraw his guilty plea, in which she averred that she mailed the lab reports to Kidd on July 21, 2003, approximately two months after his guilty plea in May 2003. If defense counsel failed to inform Kidd of the lab reports, Kidd's plea was less than knowing and voluntary. It is plausible that Kidd may have decided to take his chances at trial had he known the results of the lab reports when he pleaded guilty. Kidd's claims may ultimately be found to be without merit, either because the evidence that he *offered* to sell in excess of five grams of cocaine was so compelling that the fact that the cocaine recovered was less than five grams would have been inconsequential, or because Kidd would, in fact, have accepted

the plea bargain anyway. Nevertheless, we conclude that Kidd's claims are sufficiently plausible, and find sufficient support in the record and in his girlfriend's affidavit, that they require an evidentiary hearing before they may be summarily overruled.

{¶ 15} Kidd's sole assignment of error is sustained.

## III

{¶ 16} Kidd's sole assignment of error having been sustained, the order of the trial court overruling his motion to vacate his plea is reversed, and this cause is remanded for an evidentiary hearing on the motion.

Judgment reversed
and cause remanded.

WOLFF and GLASSER, JJ., concur.

GEORGE GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.