OPINION
{¶ 1} Defendant, Michael Minkner, appeals from his conviction and sentence on multiple drug offenses and for engaging in a pattern of corrupt activity.
 {¶ 2} As a result of his participation in a cocaine distribution network, Defendant was indicted in Champaign *Page 2 
County Case No. 2005-CR-224 on multiple cocaine possession and trafficking charges, as well as criminal tools charges. Defendant was also indicted in Case No. 2006-CR-81 for multiple cocaine trafficking offenses, conspiracy to commit cocaine trafficking, and engaging in a pattern of corrupt activity. Pursuant to a plea agreement, Defendant entered pleas of guilty in Case No. 2005-CR-224 to two counts of trafficking in cocaine, and in Case No. 2006-CR-81 to four counts of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. In exchange, the State dismissed all the other pending charges.
 {¶ 3} Two and one-half months after entering his guilty pleas but prior to sentencing, and following a change of counsel, Defendant filed a motion to withdraw his guilty pleas. As justification, Defendant claims that prior to entering his guilty pleas he had not been provided with, or given sufficient time to review, important discovery materials including audio recordings of the controlled drug buys made by confidential informants, his own cell phone calling records, copies of the marked buy money, and statements made by Defendant's co-defendants after they entered guilty pleas pursuant to their own plea deals. Defendant argued that he did not have adequate information to knowingly, intelligently, *Page 3 
and voluntarily enter his guilty pleas.
 {¶ 4} Following a hearing, the trial court denied Defendant's motion to withdraw his guilty pleas, characterizing Defendant's request as a mere "change of heart." The court also concluded that allowing Defendant to withdraw his guilty pleas would prejudice the State by impairing the ability of the confidential informants involved to continue their investigations in other unrelated drug cases. The trial court proceeded to sentence Defendant to a combination of concurrent and consecutive sentences totaling nine years.
 {¶ 5} Defendant has timely appealed to this court from his convictions and sentences. He challenges the trial court's denial of his motion to withdraw his guilty pleas.
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN DENYING A MOTION TO WITHDRAW PLEA MADE PRIOR TO SENTENCING WHERE IT IS UNDISPUTED THAT APPELLANT WAS NOT PROVIDED IMPORTANT DISCOVERY MATERIAL UNTIL JUST PRIOR TO, AND WEEKS AFTER, THE PLEA ITSELF."
 {¶ 7} A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal.State v. Xie (1992), *Page 4 62 Ohio St.3d 521. However, a defendant does not have an absolute right to withdraw his plea prior to sentencing. Id. A trial court must hold a hearing on the motion to determine if a reasonable and legitimate basis exists for the withdrawal. Id.
 {¶ 8} The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. Id. Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. Id.
 {¶ 9} No abuse of discretion in denying a presentence motion to withdraw a plea is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request.State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863. A "change of heart" is not sufficient justification to permit withdrawal of a guilty plea. State v. Lambrose (1988), 44 Ohio App.3d 102; State v.Landis (Dec. 6, 1995), Montgomery App. No. 15099. *Page 5 
 {¶ 10} In State v. Askew (Aug. 5, 2005), Montgomery App. No. 20110,2005-Ohio-4026, at ¶ 10-11, this court noted that in conducting the hearing on the motion to withdraw the plea the trial court may consider:
 {¶ 11} "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw, * * * [5] whether the timing of the motion was reasonable; [6] the reasons for the motion; [7] whether the defendant understood the nature of the charges and potential sentences; and [8] whether the accused was perhaps not guilty or had a complete defense to the charge."
 {¶ 12} As the reason for wanting to withdraw his guilty pleas, Defendant claimed that prior to entering those pleas he was not allowed to adequately review important discovery material such as audiotapes of the controlled drug buys made by confidential informants, his cell phone calling records, and the statements made to police by the co-defendants after they had entered guilty pleas pursuant to their own plea deals. Thus, Defendant asserts that he did not have adequate information to enter knowing, intelligent and voluntary pleas. Defendant also claims that he felt "pressured" to hurry up *Page 6 
and enter a plea before the State's offer expired or was withdrawn.
 {¶ 13} The record demonstrates that the day Defendant entered his guilty pleas he was provided with copies of his cell phone records and the marked buy money that police used. The plea proceeding was delayed for approximately one hour while Defendant and his counsel reviewed that material, along with some audiotapes of the controlled drug buys made by the confidential informants. Prior to Defendant's plea, the State had supplied the defense with discovery packets that contained written summaries detailing Defendant's participation in the drug transactions, as well as that of his co-defendants. During the plea hearing, Defendant never raised with the trial court the contention that he needed additional information or more time to review the discovery material before deciding whether he wanted to accept the State's plea offer.
 {¶ 14} After Defendant entered his guilty pleas but before he was sentenced, Defendant told the probation officer preparing his presentence report that he was contemplating a request to withdraw his guilty pleas because he didn't want to do several years in prison and was afraid that due to the potential severity of his sentence his father might die while he was in prison. Defendant also around this same time began *Page 7 
expressing doubts to his attorney about the wisdom of his guilty pleas and Defendant insisted on reviewing all available discovery material. That request was relayed by defense counsel to the prosecutor, and as a result additional edited audiotapes of the controlled drug buys that included Defendant's voice but not that of the confidential informants were made available to Defendant after his pleas were entered but before he was sentenced. The prosecutor also informed defense counsel that the post plea interviews of the co-defendants demonstrated Defendant's involvement in the drug transactions, but the prosecutor refused to release the recordings of those interviews because they contained information about other pending drug investigations that did not involve Defendant but did involve the same confidential informants.
 {¶ 15} Defendant's guilty pleas waived any and all constitutional infirmities that occurred prior to those pleas, including his right to discovery and any error associated with discovery violations, unless those violations rendered Defendant's pleas less than knowing, intelligent and voluntary. State v. Buhrman (June 26, 1998), Montgomery App. No. 16789; State v. Spates, 64 Ohio St.3d 268, 1992-Ohio-130. To make that determination, we must review the plea colloquy *Page 8 
between Defendant and the trial court to determine whether the trial court complied with Crim.R. 11(C)(2) in accepting Defendant's guilty pleas. State v. Stone (1975), 43 Ohio St.2d 163; State v. Kelley (1991),57 Ohio St.3d 127.
 {¶ 16} The record of Defendant's plea proceeding amply demonstrates that he was advised about and understood all of the constitutional rights he would be giving up by entering his guilty pleas, as well as the non-constitutional implications of his pleas, including the nature of the charges and the possible maximum penalty for each offense. Defendant also told the trial court that he had talked to his attorney about these cases, that he was satisfied with his counsel's advice, that he believed he had sufficient information to make his decisions in this case, that he understood what he was doing, and that he was entering his pleas of his own free will.
 {¶ 17} With respect to Defendant's claim that he felt "pressured" to accept the State's plea offer, the record of the plea hearing refutes that contention. Defendant advised the court that no one had made any threats or promises to him to induce his pleas, that he understood what he was doing, and that he was entering his pleas voluntarily. Furthermore, at no time did Defendant contend that he had a meritorious *Page 9 
defense to present to any of these charges. Defendant cites our decision in State v. Kidd, 168 Ohio App.3d 382, 2006-Ohio-4008, to support his claim that the failure to provide important discovery material rendered his pleas less than knowing and voluntary. Reliance upon Kidd is misplaced, however, as that case is clearly distinguishable upon its facts.
 {¶ 18} In Kidd, the defendant pled guilty to selling or offering to sell more than five grams but less than ten grams of crack cocaine. We held that the trial court erred in overruling Defendant's motion to withdraw his guilty pleas without a hearing where that motion alleged that, prior to entering the plea, defense counsel failed to provide Defendant with a lab report that showed that the amount of crack cocaine involved was actually less than five grams. Unlike Kidd, Defendant has not shown that any of the discovery material in this case supports a potentially meritorious defense. To the contrary, the record before this court demonstrates that none of the discovery material Defendant is complaining about was exculpatory or Brady material, or contained anything that would benefit Defendant or give rise to a meritorious defense. Defendant simply asserts, in conclusionary fashion, in his self-serving affidavit, that he would not have pled guilty had *Page 10 
he known about the audio recordings of the controlled drug buys and the statements made by his co-defendants, without ever explaining why.
 {¶ 19} The record demonstrates that Defendant was represented by three different highly competent defense counsel during the course of the trial court proceedings. He was afforded a full hearing before entering his guilty pleas, at which the trial court meticulously complied with the provisions of Crim.R. 11(C)(2). Defendant was afforded a complete and impartial hearing on his motion to withdraw his guilty pleas. And, the trial court gave full and fair consideration to Defendant's plea withdrawal request, but rejected it because Defendant failed to demonstrate a reasonable and legitimate basis for the withdrawal. Under those circumstances, no abuse of discretion by the trial court in denying Defendant's motion to withdraw his guilty pleas is demonstrated.Peterseim. That is especially true here, because the record strongly suggests that the true reason Defendant wanted to withdraw his pleas was due to a change of heart brought about by Defendant's concern over the possible length of his sentence.
 {¶ 20} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed. *Page 11 
DONOVAN, J. And VALEN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1