OPINION
{¶ 1} Defendant-Appellant, David Kidd, appeals a judgment of the Clark *Page 2 
County Common Pleas Court overruling a motion to withdraw his plea of guilty. Kidd asserts that his plea was not voluntarily and knowingly entered due to allegations that his counsel failed to inform him of pertinent facts prior to his plea. Finding that Kidd's plea was entered with full knowledge of the facts, we affirm the trial court's judgment.
 {¶ 2} Kidd was originally indicted, on January 24, 2003, for one count of engaging in a pattern of corrupt activity, R.C. 2923.32, one count of possession of crack cocaine, R.C. 2925.11, five counts of possession of criminal tools, R.C. 2923.24, and six counts of trafficking in cocaine, R.C. 2925.03. Pursuant to a negotiated plea agreement, on May 19, 2003, Kidd entered guilty pleas to two counts of trafficking in crack cocaine, in an amount exceeding five grams but less than ten grams. In exchange for this agreement, the State dismissed the remaining eleven counts. The trial court subsequently sentenced Kidd to an agreed upon mandatory five-year prison term on each count, to be served consecutively.
 {¶ 3} Kidd appealed his conviction, and this court affirmed the conviction and sentence. State v. Kidd, Clark App. No. 2003 CA 0043, 2004-Ohio-6784. On March 2, 2005, Kidd moved to withdraw his plea, which the trial court overruled without a hearing. Kidd appealed that judgment, and this court reversed the judgment and remanded the matter for an evidentiary hearing. State v. Kidd, 168 Ohio App.3d 382,2006-Ohio-4008. The trial court, on remand, conducted a hearing on the motion and overruled it on April 19, 2007. It is from this judgment that Kidd now appeals, setting forth a single assignment of error for our review.
 {¶ 4} Assignment of Error *Page 3 
 {¶ 5} The trial court erred in denying the Appellant's motion towithdraw guilty plea since this plea was not knowingly, intelligently orvoluntarily given.
 {¶ 6} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:
 {¶ 7} "A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; State v. Harris, Montgomery App. No. 19013, 2002-Ohio-2278, citingState v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "A `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499. Consideration of "[t]he motion is `addressed to the sound discretion' of the trial court." Harris, at § 7, citingSmith, at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. Harris, at § 7, citing State v. Adams (1980),62 Ohio St.2d 151. An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." Id. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. State v. *Page 4 Xie (1992), 62 Ohio St.3d 521, 526, quoting Barker v. UnitedStates (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 9} For the following reasons we find that the trial court did not abuse its discretion in denying Kidd's motion.
 {¶ 10} Kidd argues that there was no evidence to support his conviction of trafficking in crack cocaine in an amount greater than five grams. The lab reports on the crack involved in the two counts to which he pled indicated that the actual amounts were 3.10 grams and 4.55 grams, less than the five grams charged. He admits that he was given the discovery packet containing the lab reports a week before his plea; however, he claims that the packet was voluminous, and that his attorney neglected to discuss the discrepancy with him prior to his plea. He testified that he did not become aware of the discrepancy until after he was incarcerated.
 {¶ 11} The testimony of Kidd's court-appointed counsel, however, differs dramatically from Kidd's testimony. Attorney Griffin testified that he received the discovery packet, including the lab reports, approximately at the time of his appointment, and that subsequently he had at least three face to face meetings with Kidd. He further testified that he copied the discovery packet and provided it to Kidd at their first meeting. And, he testified that there was a discussion with Judge Lorig in chambers prior to the plea reflecting the discrepancy in the reported amounts of crack cocaine, and that subsequently Griffin discussed the issue with Kidd prior to his entry of the plea. He also indicated that there were discussions with Kidd to the effect that the state's position was that he "offered" to sell more than five grams, regardless of the *Page 5 
amount actually available for sale. Attorney Griffin testified that Kidd was willing to enter the guilty plea notwithstanding the fact that the lab reports showed less than five grams for each of the two sales.
 {¶ 12} The trial court found the testimony of Griffin to be credible and based its decision on that evidence. Based upon that evidence, we conclude that the trial court did not abuse its discretion in determining that Kidd entered his plea knowingly, intelligently and voluntarily.
 {¶ 13} The appellant's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is hereby affirmed.
BROGAN, J. and FAIN, J., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Amy M. Smith
Matthew Ryan Arntz
George A. Katchmer
 Hon. Douglas M. Rastatter *Page 1