OPINION
{¶ 1} Defendant-appellant Arbrie Smith appeals from an order of the trial court overruling his motion to withdraw his guilty plea, without a hearing. Smith contends that the more liberal standard prescribed for pre-sentence motions to withdraw a plea should be applied in this case. Assuming, without deciding, that the more liberal standard prescribed for pre-sentence motions should be applied, we find no abuse of discretion. *Page 2 
The trial court correctly noted that the factual predicate upon which Smith's motion exclusively depended — that a lab report of which he had been unaware when he tendered his plea reflected that the drugs recovered from him were insufficient to support the charge — is false. The lab report in fact reflects that the drugs recovered from him aggregated in excess of the prescribed amount.
 {¶ 2} State v. Kidd, 168 Ohio App.3d 382, 2006-Ohio-4008, upon which Smith relies, is distinguishable.
 I {¶ 3} Smith was charged in two separate indictments with Possession of Crack Cocaine in an amount exceeding ten grams, Tampering with Evidence, Having Weapons While Under Disability, Carrying Concealed Weapons, and Improperly Handling Firearms in a Motor Vehicle.
 {¶ 4} In May, 2007, as a result of a plea bargain, Smith pled guilty to Possession of Crack Cocaine in an amount exceeding 10 grams, and to Having Weapons While Under Disability. The other charges were dismissed. Smith's pleas were accepted, and he was sentenced accordingly.
 {¶ 5} In October, 2007, Smith filed a motion to withdraw his guilty plea, with which this appeal is concerned. Despite Smith's request for a hearing, the trial court overruled his motion without a hearing. From the overruling of his motion to withdraw his plea, Smith appeals.
 II {¶ 6} Smith's assignments of error are as follows: *Page 3 
 {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA: APPELLANT'S PLEA WAS NOT KNOWING AND VOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 8} "THE RATIONALE OF THE MANIFEST INJUSTICE STANDARD DOES NOT APPLY TO APPELLANT.
 {¶ 9} "APPELLANT'S MOTION TO WITHDRAW PLEA WAS IMPROPERLY DENIED WITHOUT EITHER A HEARING OR COMPLETE RECORD."
 {¶ 10} In his Second Assignment of Error, Smith contends that the more liberal standard for consideration of a pre-sentence motion to withdraw a plea should be applied to him. Crim. R. 32.1 provides that "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} Smith received an agreed sentence of four years. He contends that the reason behind the differential standard contemplated by Crim. R. 32.1 is to require a more stringent showing where a defendant has pled guilty, "tested the waters," and has decided to seek to withdraw his plea where the sentence is more severe than expected, citing State v.Caraballo (1985), 17 Ohio St.3d 66, 67, 477 N.E.2d 627. Because that reason does not apply here — Smith's sentence was agreed upon in advance — Smith argues that he should have the benefit of the less stringent requirement, despite the fact that his motion was, in fact, filed after sentence had been imposed.
 {¶ 12} We need not decide this issue because we conclude that even under the less *Page 4 
stringent standard of State v. Xie ( 1992), 62 Ohio St.3d 521,584 N.E.2d 715, applicable to pre-sentence motions to withdraw a plea, the trial court did not abuse its discretion in this case.
 {¶ 13} In support of his motion to withdraw his plea, Smith submitted a memorandum, the full text of which is as follows:
 {¶ 14} "Defendant Arbrie Smith respectfully submits that a [sic] evidentiary hearing is required as a matter of fundamental fairness, and that, at a minimum, due process of law requires notice and an opportunity to be heard. (State vs. Thrower 575, Ohio 2d 877.) [Sic]
 {¶ 15} "Clark County Common Pleas overruled [sic, reversed?] State vs. Kidd 168, Ohio 3d 382 [sic, actual cite is 168 Ohio App.3d 382,2006-Ohio-4008] motion to withdraw his guilty plea, Kidd contended that the trial court erred in failing to hold an evidentiary hearing on Kidd's motion to withdraw his guilty plea, Judge Fain 2nd
District agreed. The order of the trail [sic] court was reversed, and that cause is remanded for an evidentiary hearing on Kidd's motion to withdraw his guilty plea. Defendant Arbrie Smith claims just as (State vs. Kidd 168, Ohio 3d 382 [right parenthesis missing in original] that he would not have plead guilty had he known that the lab reports indicated that the amount of crack cocaine recovered was less than 10 grams." (Underlining in original.)
 {¶ 16} Having only this asserted ground for the motion before it, the trial court overruled Smith's motion to withdraw his plea, in the following succinct entry:
 {¶ 17} "Defendant's motion to withdraw his guilty plea is OVERRULED. There were two separate bags totaling 11.58 grams of crack cocaine, a felony two."
 {¶ 18} On appeal, Smith does not dispute that there were two separate bags aggregating in excess of ten grams of crack cocaine — the factual basis for the trial court's *Page 5 
ruling — but asserts, for the first time on appeal, "that if he had known the breakdown of the crack cocaine, he would have gone to trial rather than plead guilty, as the State could not have proved both bags were in his possession, and therefore could not have established he was guilty of possessing more than 10 grams, a felony of the second degree."
 {¶ 19} We need not decide whether Smith's assertion that there was some factual weakness in the State's case with respect to one of the bags alleged to have been in his possession would have justified the holding of an evidentiary hearing on his motion, because this assertion was not put before the trial court. Smith based his motion to withdraw his guilty plea exclusively upon his assertion that the lab report, of which he had been unaware when he tendered his plea, reflected that the drugs recovered were less than ten grams in amount. The trial court properly determined that this factual predicate for his motion was not correct, the lab report having reflected that the drugs recovered exceeded ten grams in amount. Smith cannot predicate error in the trial court's decision upon facts or arguments that he did not place before the trial court.
 {¶ 20} Similarly, State v. Kidd, supra, upon which Smith relies, is distinguishable. In that case, a lab report of which the defendant claimed to have been unaware at the time of his plea, his trial counsel having allegedly failed to inform him of it, reflected that thetotal drugs involved were less than the amount required for the offense to which he was pleading. Even though we agreed with the State that he might have been guilty of having offered to sell drugs in the larger amount, despite the fact that less than that amount was recovered, we agreed with the defendant that his claim was sufficiently plausible to merit an evidentiary hearing on his motion. Here, unlike inKidd, the total drugs recovered exceeded the amount required for the offense. *Page 6 
 {¶ 21} Smith's assignments of error are overruled.
 III {¶ 22} All of Smith's assignments of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Amy M. Smith Helen C. Wallace Hon. Douglas M. Rastatter *Page 1