[Cite as *State v. Maggianetti*, 2011-Ohio-6370.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-169 |
| | ) | |
| BRUCE A. MAGGIANETTI, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 08CR453

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant    Attorney James S. Gentile
42 N. Phelps Street
Youngstown, Ohio 44503-1130


JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated: December 8, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Bruce Maggianetti, appeals from a Mahoning County Common Pleas Court judgment overruling his post-sentence motion to withdraw his guilty plea for engaging in a pattern of corrupt activity.

{¶2} On April 17, 2008, a Mahoning County Grand Jury indicted appellant on four counts of trafficking in drugs, second-degree felonies in violation of R.C. 2925.03(A)(1)(C)(1)(c); and one count of possession of drugs, a third-degree felony in violation of R.C. 2925.11(A)(C)(1)(c). All counts carried forfeiture specifications. Appellant initially entered a not guilty plea to the charges.

{¶3} Appellant later entered into a plea agreement with plaintiff-appellee, the State of Ohio. Per the terms of the agreement, the state dismissed three of the trafficking counts and the possession count and amended the remaining count of the indictment to one count of engaging in a pattern of corrupt activity, a second-degree felony in violation of R.C. 2923.32(A)(1)(B)(1). Appellant entered a guilty plea to the charge and also stipulated to the forfeiture of a truck and cash.

{¶4} On December 30, 2008, the trial court, in adopting "the recommendation of the State of Ohio," sentenced appellant to five years in prison and a possible postrelease control term of three years.

{¶5} On November 2, 2009, appellant filed a motion for judicial release. The State opposed the request for judicial release contending that appellant was ineligible because he was sentenced to a five year prison term. The trial court thereby overruled the motion on November 12, 2009.

{¶6} On July 29, 2010, appellant filed a "motion to modify sentence nunc pro tunc entry alternative withdraw plea motion to reconsider judicial release." In his motion, appellant alleged that the purpose of the plea agreement was to provide the trial court with the sentencing range of one to eight years and to make him eligible for judicial release sometime after serving six months. He claimed the court was not supposed to sentence him to five years.

{¶7} The court held a hearing on appellant's motion on October 14, 2010. The court overruled appellant's motion, finding that appellant understood the effect of

his plea and no manifest injustice occurred. At this time, the court also resentenced appellant due to an error in the postrelease control term. The court once again imposed a five year prison term with a mandatory three-year post release control period.

**{¶8}** Appellant filed this notice of appeal on November 12, 2010.

**{¶9}** Appellant's sole assignment of error states:

**{¶10}** "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO PERMIT TO WITHDRAW HIS GUILTY PLEA OR GRANTING OTHER RELIEF."

**{¶11}** Appellant argues that misunderstandings have caused a manifest injustice to occur, and he has a basis for relief because the state breached the plea agreement and/or the plea itself was not knowingly, intelligently, and voluntarily entered into. He claims that per the plea agreement, he was not to be sentenced to five years.

**{¶12}** An appellate court will not disturb a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. *State v. Shondrick,* 9th Dist. No. 3216-M, 2002-Ohio-2439, at ¶6, citing *State v. Hymore* (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157.

**{¶13}** Pursuant to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." On a post-sentence motion to withdraw a guilty plea, "[t]he defendant has the burden of establishing that a *manifest injustice* exists, which requires a showing of *extraordinary circumstances*." *State v. Kidd*, 168 Ohio App.3d 382, 2006-Ohio-4008, at ¶11. (Emphasis added).

**{¶14}** The Ohio Supreme Court has defined a manifest injustice as a "clear or openly unjust act." *State v. Reed*, 7th Dist. No. 04-MA-236, 2005-Ohio-2925, at ¶8,

citing *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208. This court has defined manifest injustice as "an extraordinary and fundamental flaw in the plea proceedings." Id. citing, *State v. Lintner* (Sept. 21, 2001), 7th Dist. No. 732.

**{¶15}** Initially, we should point out that appellant's claim here is likely barred by the doctrine of res judicata. A criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that he could have raised at trial or on direct appeal. *State v. Reed*, 7th Dist. No. 04-MA-236, 2005-Ohio-2925, at ¶11. Appellant's main contention here is either that the state breached the plea agreement by recommending a five-year prison term or that he did not knowingly enter his plea because he was unaware of the possible five-year prison term. However, appellant could have pursued both of these claims in a direct appeal.

**{¶16}** Furthermore, even if appellant's claim is not barred and we consider the merits, we reach the same outcome.

**{¶17}** At his motion to withdraw hearing, appellant testified that he has some issues with recollection. (Motion Tr. 9). Nonetheless, he testified: "My recollection was I thought the prosecution said that I'd be eligible for judicial release within six months of my sentencing. That was my understanding." (Motion Tr. 9). He further stated that at his plea hearing, he heard the prosecutor recommend six months to the court. (Motion Tr. 9). Appellant next testified that if he had heard the state recommend a five-year sentence, he would not have pleaded guilty. (Motion Tr. 10-11).

**{¶18}** But at appellant's plea hearing, the prosecutor merely stated that the agreement was "on behalf of the defendant which would allow the court to have the maximum range of sentencing options in this case." (Plea Tr. 3). The court and appellant later had the following exchange:

**{¶19}** "THE COURT: Do you further understand when it comes to sentencing, you're consenting to me as the judge to be the fact finder? That means you're leaving all the discretion of sentencing up to this court.

**{¶20}** "THE DEFENDANT: Yes, Your Honor.

**{¶21}** "THE COURT:  * * * I could sentence you for one, two, three, four, five, six, seven, or eight years in prison and fine you up to $15,000, and that you're also eligible for community control sanctions as a result of this offense?

**{¶22}** "THE DEFENDANT:  Yes, Your Honor."  (Plea Tr. 7-8).

**{¶23}** And before accepting appellant's plea, the court asked him if anyone had promised him anything other than what had been discussed in court, to which appellant responded, "no."  (Plea Tr. 10).

**{¶24}** Moreover, at the sentencing hearing the prosecutor remarked that the state "would ask the Court to sentence Mr. Maggianetti to a term of five years of incarceration."  (Sentencing Tr. 2).  The prosecutor later stated, "I think a five-year term [of] incarceration would adequately punish the offender."  (Sentencing Tr. 3). Neither appellant nor his counsel in their addresses to the court made any mention that the state should not have recommended five years or that the state was supposed to recommend six months.  (Sentencing Tr. 3-6).

**{¶25}** Contrary to appellant's recollection, the state clearly recommended a five-year prison term.  Furthermore, the court made sure, before accepting appellant's plea, that appellant knew he was at the court's mercy when it came to sentencing and that it could sentence him to up to eight years in prison.  Nowhere in the transcript of the plea hearing or the sentencing hearing does a recommendation of six months appear.

**{¶26}** Appellant makes an issue of the fact that on a sentencing recommendation form the space to include the recommended sentence was left blank.  However, this does not support his claim that the recommended sentence was to be six months.

**{¶27}** Finally, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."  *State v. Smith* (1977), 49 Ohio St.2d 261, 264.  In this case, appellant did not file his motion to

withdraw his plea until approximately one and a half years after the court sentenced him.

**{¶28}** Based on the above, it is clear that the trial court did not abuse its discretion in denying appellant's post-sentence motion to withdraw his plea. Accordingly, appellant's sole assignment of error is without merit.

**{¶29}** For the reasons stated, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.