[Cite as *State v. Baker*, 2012-Ohio-2533.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-78 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CR-774 |
| v. | : | |
| | : | |
| CHRISTOPHER BAKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2012.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

GREGORY K. LIND, Atty. Reg. #0055227, One South Limestone Street, Ground Floor, Suite D, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant, Christopher Baker, appeals from his conviction and sentence for Aggravated Vehicular Assault following a plea of guilty.  Baker contends that

trial counsel was ineffective for failing to file a motion to suppress evidence. He further contends that the trial court erred by sentencing him to the maximum prison term of five years.

{¶ 2} We conclude that there is no evidence in this record to support a claim of ineffective assistance of counsel. We further find no abuse of discretion with regard to the sentence imposed. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of Proceedings

{¶ 3} In August 2010, Baker was driving a vehicle when he struck and injured a child who had run into the street. Baker was indicted on one count of Aggravated Vehicular Assault, one count of Vehicular Assault and two counts of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs ("OVI"). He entered a guilty plea to an amended count of Aggravated Vehicular Assault and to one count of OVI.[1] All remaining counts were dismissed. The trial court sentenced Baker to five years in prison. From his conviction and sentence, he appeals.

## II. Ineffective Assistance of Counsel Is Not Demonstrated on this Record

{¶ 4} Baker's First Assignment of Error states:

{¶ 5} "THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS."

---

[1] The Aggravated Vehicular Assault charge was originally indicted as a felony of the second degree. However, as part of a plea agreement, the charge was reduced to a third-degree felony.

**{¶ 6}** Baker contends that trial counsel should have filed a motion to suppress evidence of the results of a blood-alcohol test, which he argues "must be performed in accordance with OAC §3701-53-031." Baker claims that counsel "did not explore the realm of issues surrounding the blood test[,]" and that he was not "made aware of the possible evidentiary problems involving the OAC." He further contends that this failure rendered his plea ineffective as he was unable to make a knowing or voluntary decision whether to enter a plea of guilty.

**{¶ 7}** In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 104 L.Ed.2d 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of effective assistance. *Id.* To show ineffective assistance a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* "Entry of a guilty plea waives [the right to raise] ineffective assistance of counsel claims except to the extent that counsel's performance causes * * * the guilty plea to be less than knowing or voluntary." *State v. Kidd,* 168 Ohio App.3d 382, 2006-Ohio-4008, 860 N.E.2d 138, ¶ 5 (2d Dist.).

**{¶ 8}** In this case, the record is devoid of anything to suggest that Baker entered a less than knowing or voluntary plea. The plea colloquy was properly conducted, and there is nothing in this record to support a claim that the plea was made without knowledge of any

issues surrounding the blood-alcohol test. If there are facts outside of the record showing that Baker's plea was not knowingly or voluntarily entered into, and that his attorney's actions caused such an unknowing or involuntary plea, the proper remedy lies in a petition for post-conviction relief pursuant to R.C. 2953.21. But the facts in this record indicate that Baker's plea was knowing and voluntary. Accordingly, the First Assignment of Error is overruled.

### III. The Maximum Sentence Imposed by the Trial Court
### Was Neither Contrary to Law Nor an Abuse of Discretion

{¶ 9} Baker's Second Assignment of Error is as follows:

{¶ 10} "THE TRIAL COURT ISSUED A MAXIMUM SENTENCE CONTRARY TO LAW OR ABUSED ITS DISCRETION WITH ITS SENTENCE."

{¶ 11} Baker contends that the trial court did not properly consider the factors regarding the seriousness of the offense or the likelihood of recidivism when it imposed a five-year sentence.

{¶ 12} The Supreme Court of Ohio has held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 11, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100. However, an appellate court must ensure that the trial court correctly followed all applicable rules and statutes when imposing the sentence. *Id.* If the trial court has done so, then the review of

the imposition of sentencing is governed by the abuse-of-discretion standard. *Id.*

{¶ 13} In this case, Baker cited the following as facts to be considered in mitigation of the sentence: (1) his young age of twenty-three; (2) the lack of a juvenile record; (3) an adult record of only one OVI conviction in 2007; (4) his acceptance of responsibility and his remorse; (5) the fact that he was not speeding and that the child ran out into the road unexpectedly; and (6) the fact that he stayed at the scene. He contends that the trial court did not adequately consider these facts when determining the sentence.

{¶ 14} However, as the State noted, Baker had a prior OVI conviction and no driver's license at the time of the offense. Furthermore, witnesses indicated that Baker had been driving erratically prior to the accident. There is also an indication in the record that he attempted to hide evidence that he had consumed alcohol prior to driving. The pre-sentence investigation report indicates that the victim, a child, was hit with enough force to throw his body on top of Baker's vehicle. Finally, the victim suffered extensive injuries that required at least two surgeries. The victim, at the time of the sentencing, was still disabled and unable to walk due to permanent brain damage caused by the impact.

{¶ 15} The trial court made the following statement at the sentencing hearing:

It appears to the Court that the mitigating factors that have been placed on the record today were considered by the State in making their offer to reduce the offense from a second degree felony to a third degree felony by dismissing the specification that the defendant was under a license suspension at the time of the offense.

The defendant had a prior OVI conviction a few years ago, and is still under the suspension arising from that case when this offense occurred.

So you weren't even supposed to be driving, Mr. Baker, given your suspension; and then on top of that you were driving while intoxicated. Blood alcohol level was .146. You struck a child, caused serious physical harm. In this case it appears that the serious physical harm carried a substantial risk of death. Fortunately, that was not the case.

It appears as though the physical harm involved acute pain of such a duration as to result in substantial suffering, and it also appears that there is some permanent damage done to the victim, all of which could have been avoided had you simply obeyed the law to not drive without a license.

Given the serious physical harm caused to the victim, the fact that you were driving without a license, and the fact that you have a prior conviction for OVI, the Court is going to impose a sentence of five years in the Ohio State Penitentiary.

**{¶ 16}** There is nothing in this record that leads us to believe that the trial court did not properly consider the stated mitigating factors when imposing sentence. Likewise, we cannot say that the trial court did not consider the relevant factors when considering the seriousness of the offense and the likelihood of recidivism when imposing sentencing. The fact that the trial court noted the seriousness of the injuries to the child as well as the fact that the trial court noted that Baker was operating a vehicle without a driver's license and while under a suspension for a prior OVI that occurred just three years prior to this accident reflect that the trial court did, in fact, consider the appropriate factors.

**{¶ 17}** The five-year sentence the trial court imposed was neither contrary to law, nor an abuse of discretion.

**{¶ 18}** The Second Assignment of Error is overruled.

## IV.  Conclusion

{¶ 19}  Both of Baker's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Gegory K. Lind
Hon. Douglas M. Rastatter