JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Laszlo Kiss, appeals the trial court's judgments denying his motions to withdraw his guilty pleas and vacate his convictions. We reverse and remand for a hearing.
 {¶ 2} In June 1960, Kiss[1] pleaded guilty to several crimes set forth in case numbers CR-72731 and CR-72879. Kiss was sentenced to concurrent prison terms.
 {¶ 3} On January 25, 2008, Kiss filed a motion to vacate his conviction with "Oral Hearing Requested" in case number CR-72879. Before the State even responded, on February 1, 2008, the trial court denied the motion without findings or comment.
 {¶ 4} On January 31, 2008, Kiss filed a motion to withdraw his plea, again, with "Oral Hearing Requested," in case number CR-72731. Four days later, the State filed an opposition (attacking the timeliness of the motion), and eight days thereafter, the court denied the motion, again without findings or comment.
 {¶ 5} Kiss raises three assignments of error for our review. We find the second assignment of error dispositive. It reads: *Page 4 
 {¶ 6} "The trial court erred by failing to hold an evidentiary hearing on appellant's motion to withdraw his guilty plea and vacate his conviction pursuant to Ohio Criminal Rule 32.1 despite Appellant's clear and unequivocal request."
 {¶ 7} A motion to withdraw a guilty plea is governed by the standards set forth in Crim. R. 32.1, which states:
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324. This court has stated that "[a] manifest injustice is defined as a `clear or openly unjust act.' *** `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." (Citations omitted.) State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502, ¶ 13.
 {¶ 10} "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra at paragraph two of the syllabus. Our review is limited such that we cannot *Page 5 
reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. Id.
 {¶ 11} The trial court need not hold an evidentiary hearing on a postsentence motion to withdraw a guilty plea if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Citations omitted.) State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001.
 {¶ 12} Kiss submitted his affidavit in support of his motions to withdraw his pleas. In his affidavit, he averred that at the time of his pleas, he barely spoke English, he did not have a translator, and he did not understand the proceedings. Kiss also averred as to problems he had with immigration officials and his efforts to apply for citizenship after he had served his prison term.
 {¶ 13} In State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894,820 N.E.2d 355, the Ohio Supreme Court, after acknowledging that the timeliness of a motion to withdraw a plea is one factor for a court to consider, went on to state that:
 {¶ 14} "However, at the same time, we also do not accept the court of appeals' determination that, as a matter of law, untimeliness here was a sufficient factor in and of itself to justify the trial court's decision to deny the motion. In light of the strong policy expressed within R.C. 2943.031(D), we reject the court of appeals' approach in this regard, particularly when the trial court, which did not explain its ruling, never found that appellant's delay in moving to withdraw the plea was unreasonable. It is too great a leap on this meager record to conclude, with no further inquiry, that *Page 6 
appellant's delay in filing the motion was unreasonable as a matter of law." (Emphasis added.) Id. at ¶ 41.
 {¶ 15} The Court further stated that a motion's timeliness depends upon the particular facts of each case: "[I]n some cases, even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-relatedconsequences of the plea and resulting conviction did not become evidentfor some time after the plea was entered." (Emphasis added.) Id. at ¶ 42. This court has followed this precedent, holding most recently inState v. Schlaf, Cuyahoga App. No. 90825, 2008-Ohio-6151, that an 11-year delay was adequately explained by appellant's lack of knowledge of the immigration-related consequences of his plea.[2]
 {¶ 16} The dissent cites the timeliness of Kiss's motion and the portion of Francis dealing with timeliness as the sole reason in support of its argument that the trial court should be affirmed. That reason, however, ignores the holding in Francis.
 {¶ 17} The dissent also relies on State v. Tabbaa,151 Ohio App.3d 353, 2003-Ohio-299, 784 N.E.2d 143. Insofar as Francis emanated from the Ohio Supreme Court in 2004, Tabbaa from this court in 2003,Francis controls, and to the extent that Tabbaa is inconsistent withFrancis, Tabbaa is overruled.
 {¶ 18} Kiss's affidavit establishes the possibility of a manifest injustice. Because there was no hearing, as was requested, the record is silent as to the *Page 7 
reason for the "extreme delay." Thus, this panel is asked to review the finding of the trial court for abuse of discretion where it does not have for review any findings or rationale for the court's ruling, and, due to the lack of oral hearing, no evidence whatsoever from a transcript to evaluate whether the delay was "reasonable" under the circumstances of Kiss's case.[3]
 {¶ 19} Accordingly, the trial court's judgments in both cases are reversed, and this case remanded to the trial court for an oral hearing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, PRESIDING JUDGE
MARY J. BOYLE, J., CONCURS
FRANK D. CELEBREZZE, JR., J., DISSENTS
[1] The record indicates that Kiss is a native of Hungary and came to the United States as a political refugee.
[2] It is notable that in the Schlaf case, the trial court conducted an oral hearing, and based upon what it heard at that hearing, ruled the motion timely.
[3] This court is aware from oral argument of the circumstances surrounding the delay; however, insofar as the explanation is absent from the record, we cannot utilize it here in order to analyze whether the court abused its discretion in denying the motion.