[Cite as *State v. Aquino*, 2014-Ohio-118.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99971**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TOMAS AQUINO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-462688 and CR-469861

**BEFORE:** Keough, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 16, 2014

**APPELLANT PRO SE**

Tomas Aquino
No. 504-965
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio 43608-0033

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Tomas Aquino, appeals the trial court's judgment denying his post-sentence motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm the trial court's decision.

**{¶2}** In 2005, Aquino was indicted in two separate cases charging him with various counts of kidnapping and sexually oriented offenses. In May 2006, he entered into a plea agreement involving both cases and sentencing was scheduled for June 2006. On the day of sentencing, Aquino, through counsel, orally moved to withdraw his guilty plea on the basis that he (1) was innocent of the charges, (2) did not enter a knowing, intelligent, and voluntary plea, and (3) wanted a trial. The trial court denied the oral motion, finding that Aquino's plea was valid; the court sentenced Aquino to a total aggregate prison term of nine years. Aquino did not appeal his convictions or the court's denial of his motion to withdraw his plea.

**{¶3}** In April 2007, Aquino requested leave to file a delayed appeal, which this court denied. *State v. Aquino*, 8th Dist. Cuyahoga No. 89767 (May 16, 2007). Aquino's discretionary appeal to the Supreme Court of Ohio was not accepted for review. *State v. Aquino*, 115 Ohio St.3d 1423, 2007-Ohio-5056, 874 N.E.2d 539.

**{¶4}** In October 2007, Aquino moved to withdraw his plea pursuant to Crim.R. 32.1, contending that he did not sign the written plea agreement and, therefore, his plea was invalid. The state opposed the motion arguing, among other things, that although no

written plea agreement was entered into, the plea was made in open court. The trial court denied the motion, and Aquino did not appeal that decision.

{¶5} In March 2011, Aquino again moved to withdraw his plea, contending that he did not enter a knowing, intelligent, and voluntary plea because he was not advised of all of his rights prior to entering the plea. Again, the trial court denied Aquino's motion, and again, Aquino did not file an appeal.

{¶6} In October 2012, Aquino filed a third motion to withdraw his plea pursuant to Crim.R. 32.1 and R.C. 2943.03 and 2943.031, contending that (1) the court abused its discretion in denying his oral presentence motion to withdraw his guilty plea; (2) he is innocent of the charges against him; (3) he received ineffective assistance of trial counsel during the plea bargain process and did not voluntarily and intelligently plead guilty because he relied on the faulty advice of his attorney; (4) he did not speak, read, or understand English and was not provided an interpreter during the plea bargain process; and (5) the trial court did not properly advise him that his citizenship could be revoked and that he could be deported upon entry of the guilty pleas.

{¶7} The trial court denied his motion without explanation or an evidentiary hearing. It is from this decision that Aquino appeals, contending in his sole assignment of error that the trial court abused its discretion in denying his motion to withdraw his guilty plea and for not conducting an evidentiary hearing.

{¶8} Aquino moved to withdraw his plea pursuant to Crim.R. 32.1 and R.C. 2943.031. Because these theories of relief require different standards of review and analysis, we address them separately.

Crim.R. 32.1

{¶9} A Crim.R. 32.1 post-sentence motion to withdraw a guilty plea is subject to a manifest injustice standard. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). An appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} "Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421. "'The doctrine of res judicata is applicable to successive motions to withdraw a guilty plea under Crim.R. 32.1.'" *State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶ 13, quoting *State v. Tinney*, 5th Dist. Richland No. 2011 CA 41, 2012-Ohio-72, ¶ 27.

{¶11} In October 2007, Aquino filed his first written motion to withdraw his guilty plea pursuant to Crim.R. 32.1, contending that he did not sign the written plea agreement

and, therefore, his plea was invalid. The trial court denied the motion and Aquino did not appeal the decision. In March 2011, Aquino again moved to withdraw his guilty plea pursuant to Crim.R. 32.1 arguing that he did not enter a knowing, intelligent, and voluntary plea because the trial court failed to advise him of all of his rights. Again, the trial court denied the motion, and Aquino did not appeal that decision.

{¶12} The issues Aquino raises regarding ineffective assistance of counsel and the knowing, intelligent, and voluntary nature of his plea are barred by res judicata because these arguments could have been raised in a direct appeal. Accordingly, the trial court did not abuse its discretion in denying Aquino's motion to withdraw his guilty plea pursuant to Crim.R. 32.1.

R.C. 2943.031

{¶13} While the standard of review for a post-sentence motion under Crim.R. 32.1 is subject to the manifest injustice standard, this standard does not apply to plea withdrawal motions filed pursuant to R.C. 2943.031(D). *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 26. "R.C. 2943.031(D) requires that a trial court set aside a judgment of conviction and allow a defendant to withdraw his guilty plea if the defendant demonstrates: "(1) the court failed to provide the defendant with the advisement contained in R.C. 2943.031(A); (2) the advisement was required; (3) the defendant is not a United States citizen; and (4) the offense to which the defendant pled guilty may result in deportation under the immigration laws of the federal government."

*State v. Weber*, 125 Ohio App.3d 120, 126, 707 N.E.2d 1178 (10th Dist.1997), citing R.C. 2943.031(D).

**{¶14}** The Tenth District addressed the standard of review of a motion to withdraw a plea filed under R.C. 2943.03(D) in *State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶ 10:

> The same abuse of discretion standard of review applies to the trial court's decision on a motion filed pursuant to R.C. 2943.031(D). *Francis* at ¶ 32. However, "when a defendant's motion to withdraw is premised on R.C. 2943.031(D), the standards within that rule guide the trial court's exercise of discretion." *Id*. at ¶ 33; *see also [State v.] Oluoch*, [10th Dist. Franklin No. 07AP-45, 2007-Ohio-5560] at ¶ 25. To clarify, the exercise of discretion "applies to the trial court's decision on whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *), not generally to the trial court's discretion once the statutory provisions have been met." *Id*. at ¶ 34. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)." *Id*. at ¶ 36.

**{¶15}** Although Aquino filed prior motions to withdraw his guilty plea, this is the first time he requested that his plea be withdrawn pursuant to R.C. 2943.031; therefore, his motion on this basis is not barred by res judicata. *Muhumed* at ¶ 22 (prior motions to withdraw guilty plea pursuant to Crim.R. 32.1 that do not raise the issue of the trial court's failure to provide the advisement set forth in R.C. 2943.031 for non-citizens as grounds for the withdrawal will not bar a subsequent motion to withdraw pursuant to R.C. 2943.031.)

**{¶16}** Although res judicata does not bar Aquino's motion to withdraw under R.C. 2943.031, we find that he is not entitled to relief because the record demonstrates that the

trial court was not required to advise Aquino under R.C. 2943.031(A) that his plea could affect his status in the United States because Aquino and his counsel both stated that Aquino was a United States citizen.

{¶17} R.C. 2943.031(A) requires a trial court to specifically advise non-citizen defendants entering either a guilty or no contest plea that their conviction "may have the consequences of deportation, exclusion from the admission to the United States, or denial of naturalization." However, R.C. 2943.031(B) provides that the advisement is not required if "[t]he defendant states orally on the record that he is a citizen of the United States." R.C. 2943.031(B)(2).

{¶18} In this case, during the plea colloquy, the court advised Aquino that his plea could have an effect on his "status here." Aquino responded through his interpreter, "He say, I understand what you're saying, but I am an American citizen." Aquino's defense counsel then stated: "He is naturalized." Accordingly, because Aquino and his defense counsel indicated that he is a naturalized citizen, the trial court was not required to advise Aquino of the effect of his plea regarding his status in the United States. The fact that Aquino is a naturalized citizen is of no consequence. R.C. 2943.031(B)(2) does not differentiate between naturalized and natural-born American citizens. The rights of citizenship of the native-born and of the naturalized person are of the same dignity and are coextensive. *Schneider v. Rusk*, 377 U.S. 163, 84 S.Ct. 1187, 12 L.Ed.2d 218 (1964); *see also Luria v. United States*, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101 (1913) (under the

federal constitution, a naturalized citizen stands on an equal footing with the native citizen in all respects save that of eligibility to the presidency).

**{¶19}** Accordingly, the trial court did not abuse its discretion in denying Aquino's motion to withdraw his guilty plea without conducting an evidentiary hearing because he is not entitled to relief under R.C. 2943.031. Aquino's assignment of error is therefore overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR