[Cite as *State v. Villavicencio*, 2014-Ohio-1522.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100367

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSELITO VILLAVICENCIO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-99-383407

**BEFORE:** Boyle, A.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANT**

Smaragda Karakoudas
P.O. Box 110152
Cleveland, Ohio   44111

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   T. Allan Regas
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Joselito Villavicencio, appeals from the trial court's decision denying his postsentence motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶2} In September 1999, Villavicencio was indicted with felonious assault and kidnapping. Villavicencio ultimately reached a plea agreement with the state where he pleaded guilty to an amended charge of attempted felonious assault and domestic violence. The trial court subsequently imposed a sentence of two years of community controlled sanctions, and his probation was terminated on December 3, 2001.

{¶3} Approximately 11 years later, on February 20, 2013, Villavicencio moved to withdraw his guilty plea on the grounds that (1) there was no Spanish interpreter present during his plea hearing, which precluded him from understanding the legal import of his guilty plea, and (2) the trial court failed to advise him of the immigration consequences of his guilty plea as required under R.C. 2943.031(D). In support of his motion, Villavicencio argued that he is a citizen of El Salvador and that he did not understand what the trial judge was saying at the plea hearing.

{¶4} The state opposed the motion, arguing that the motion was untimely and that the trial court had no duty to provide a translator because Villavicencio never requested one, nor did the proceedings indicate that one was necessary. The state further argued that the trial court was not required to provide the advisement regarding the

immigration consequences because Villavicencio stated that he was a citizen of the United States. In support of its brief in opposition, the state offered an affidavit of Vincent Holland, chief probation officer of the Cuyahoga County adult probation department. According to Holland, the two probation officers that worked with Villavicencio have since left the probation department. Holland further averred that neither of the officers were Spanish-speaking; that one of the probation officers conducted a presentence investigation and prepared a report regarding Villavicencio; that Spanish-speaking probation officers were available whenever necessary or requested; and that the Villavicencio's records do not indicate the existence of any language barrier. According to Villavicencio's records, he reported that he was born in El Salvador but a citizen of the United States.

{¶5} The trial court held a telephone-evidentiary hearing on the motion and had a Spanish translator present.[1] The trial court first heard from Villavicencio, who testified that, at his plea hearing, he did not understand what the judge meant when she said the word "citizen." According to Villavicencio, he thought that "she meant I reside in Cleveland." Villavicencio further testified that he was born in El Salvador and is a citizen of that country. On cross-examination, Villavicencio stated that he first became aware of his misunderstanding in 2001 and the fact that he should not have pled guilty.

{¶6} The state presented testimony from Villavicencio's former trial counsel — John Luskin, who had represented Villavicencio in the underlying case. According to

---

[1]At the time of the hearing, Villavicencio was being held by the United States

Luskin, he has been a licensed attorney for 18 years and it is his practice to call upon an interpreter when he has a client whose primary language is Spanish. Luskin further testified that he reviewed the transcript from Villavicencio's plea hearing and, although he did not "specifically recall the client," he did not recall any difficulty that had occurred at the plea hearing. Luskin also testified that, according to the plea transcript, he did not have any trouble understanding Villavicencio nor did he ever suspect Villavicencio not understanding the proceedings.

{¶7} The trial court subsequently issued a detailed opinion, denying Villavicencio's motion to withdraw his guilty plea.

{¶8} Villavicencio now appeals, raising the following six assignments of error:

I. The lower court erred and abused its discretion by failing to grant defendant Joselito's motion to withdraw his guilty pleas pursuant to O.R.C. 2943.01(D).

II. The failure to give defendant Joselito the proper advisal [sic] under O.R.C. 2943.031(D) is a clear violation of due process.

III. The failure to provide defendant Joselito with a Spanish interpreter is a violation of due process and prevented defendant from making a knowing, intelligent, and voluntary plea.

IV. The failure to provide defendant Joselito with a Spanish interpreter is a violation of his constitutional right to confront his accuser and/or witnesses.

V. The failure to provide defendant with an interpreter violated his constitutional rights to a full and fair hearing.

VI. Defendant Joselito has suffered a manifest injustice as a result of the failure to receive the proper advisal [sic] as required by law.

---

marshals in East Hidalgo, Texas.

**{¶9}** Because these assignments of error involve the same application of facts and law, we will address them together where appropriate.

R.C. 2943.031

**{¶10}** In the first and second assignments of error, Villavicencio argues that the trial court failed to provide the advisement contained in R.C. 2943.031(A) relating to the immigration consequences of his guilty plea, and therefore the trial court should have vacated his plea as required under R.C. 2943.031(D). He further argues in his third assignment of error that the failure to provide the advisement prevented him from making a knowing, intelligent, and voluntary plea.

**{¶11}** R.C. 2943.031(A) requires a trial court to specifically advise non-citizen defendants entering either a guilty or no contest plea that their conviction "may have the consequences of deportation, exclusion from the admission to the United States, or denial of naturalization."

**{¶12}** While the standard of review for a postsentence motion under Crim.R. 32.1 is subject to the manifest injustice standard, this standard does not apply to plea withdrawal motions filed pursuant to R.C. 2943.031(D). *State v. Aquino*, 8th Dist. Cuyahoga No. 99971, 2014-Ohio-118, ¶ 13, citing *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 26.

> R.C. 2943.031(D) requires that a trial court set aside a judgment of conviction and allow a defendant to withdraw his guilty plea if the defendant demonstrates: (1) the court failed to provide the defendant with the advisement contained in R.C. 2943.031(A); (2) the advisement was required; (3) the defendant is not a United States citizen; and (4) the offense to which the defendant pled guilty may result in deportation under the

immigration laws of the federal government.

*State v. Weber*, 125 Ohio App.3d 120, 126, 707 N.E.2d 1178 (10th Dist.1997),

citing R.C. 2943.031(D).

{¶13} We review a trial court's decision regarding a motion to withdraw a guilty

plea on R.C. 2943.031(D) grounds under an abuse of discretion. The Ohio Supreme

Court has explained that "a defendant seeking relief under R.C. 2943.031(D) must make

his or her case before the trial court under the terms of that statute," then "the trial court

must exercise its discretion in determining whether the statutory conditions are met," and

finally "an appellate court reviews a trial court's decision on the motion under an

abuse-of-discretion standard in light of R.C. 2943.031(D)." *Francis* at ¶ 36.

{¶14} The requirement to vacate a guilty plea under R.C. 2943.031(D), however,

does not apply if the "defendant affirmatively has indicated either in writing or orally on

the record that he or she is a citizen of the United States." *Id.* at ¶ 20, citing R.C.

2943.031(B). The statute provides as follows:

> (B) The court is not required to give the advisement described in division
> (A) of this section if either of the following applies:
>
> (1) The defendant enters a plea of guilty on a written form, the form
> includes a question asking whether the defendant is a citizen of the United
> States, and the defendant answers that question in the affirmative;
>
> (2) The defendant states orally on the record that he is a citizen of the
> United States.

*Id.*

{¶15} The record reveals that Villavicencio stated to the trial court that he was a

United States citizen at the time of the plea hearing. As a result of his representation, the trial court was not required to advise Villavicencio of the effect of his plea regarding his status in the United States. Nor does R.C. 2943.031(D) provide any grounds for Villavicencio to withdraw his guilty plea under such circumstances. *Francis* at ¶ 20; *see also Aquino*, 8th Dist. Cuyahoga No. 99971, 2014-Ohio-118, at ¶ 18.

{¶16} Villavicencio's reliance on the Seventh District's decision in *State v. Lucente*, 7th Dist. Mahoning No. 03MA216, 2005-Ohio-1657, is misplaced. In *Lucente*, the defendant, unlike Villavicencio, informed the trial court that he was *not* a citizen of the United States and therefore was entitled to the R.C. 2943.031(A) advisement prior to entering his plea. The trial court's failure to substantially comply with R.C. 2943.031(A), coupled with the timeliness of Lucente's motion to withdraw his plea, warranted the vacation of Lucente's guilty plea. *Id.* at ¶ 52.

{¶17} But here, because Villavicencio represented that he was a United States citizen, the trial court was not required to give any advisement regarding the immigration consequences of his guilty plea. Accordingly, the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea on R.C. 2943.031(D) grounds.

{¶18} The first, second, and third assignments of error are overruled.

### Manifest Injustice and Application of *State v. Kiss*

{¶19} Villavicencio also argues in his remaining assignments of error that the trial court abused its discretion in failing to vacate his plea where a manifest injustice has occurred. Specifically, he argues that "he did not understand the legal import of what the

[trial] judge was saying to him" because a Spanish translator was not present for the plea hearing and that failure to provide a Spanish translator deprived him of due process and prevented him from entering a knowing, intelligent, and voluntary plea.

{¶20} Under Crim.R. 32.1, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. This court has explained:

> [a] manifest injustice is defined as a "clear or openly unjust act, extraordinary and fundamental flaw in the plea proceeding." Again, "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

(Citations omitted.) *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio- 6502, ¶ 13.

{¶21} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith*, at paragraph two of the syllabus. Thus, our review is limited such that we cannot reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. *Id.*

{¶22} Villavicencio contends that this court's decision in *State v. Kiss*, 8th Dist. Cuyahoga Nos. 91353 and 91354, 2009-Ohio-739, is directly on point and compels reversal of the trial court's decision. We disagree.

**{¶23}** In *Kiss*, the defendant filed a postsentence motion to withdraw his guilty pleas, requested an evidentiary hearing, and attached an affidavit, which averred that at the time of the pleas, he barely spoke English, he did not have a translator, and he did not understand the proceedings. *Kiss* at ¶ 12. The defendant further averred as to problems that he had with immigration officials and his efforts to apply for citizenship after he had served his prison term. *Id.* The trial court, however, denied the motion without an evidentiary hearing and without stating the basis for its denial.

**{¶24}** In reversing the trial court, this court held that Kiss's affidavit established the possibility of a manifest injustice, and therefore the trial court should have held an evidentiary hearing on the motion. *Id.* at ¶ 18. And although Kiss's motion was filed 48 years after his guilty plea was entered, this court recognized that timeliness was only one factor to consider and that the lack of an evidentiary hearing precluded any meaningful review of "whether the delay was 'reasonable' under the circumstances of Kiss's case." *Id.* at ¶ 13 and 18.

**{¶25}** Contrary to Villavicencio's assertion, this court did not order that Kiss's guilty plea be vacated. Instead, this court remanded the case for an evidentiary hearing. *Id.* In this case, the trial court's actions are consistent with the holding in *Kiss*; it held an evidentiary hearing on Villavicencio's motion to withdraw his guilty pleas in light of the assertions made in his motion.

**{¶26}** And based on the evidence presented at the evidentiary hearing, we find no abuse of discretion in the trial court's denial of Villavicencio's motion to withdraw his

guilty plea. The transcript of Villavicencio's plea hearing, the testimony of Luskin, and the affidavit of Holland, all weighed against Villavicencio's self-serving claim that he needed a translator at the plea hearing. The record simply does not support Villavicencio's claim of manifest injustice or that his due process rights were violated.

{¶27} Moreover, Villavicencio acknowledged at the evidentiary hearing that he became aware of his misunderstanding of the word "citizen" in 2001; yet, he waited until 12 years later to file his motion to withdraw. Villavicencio, however, offered no evidence at the evidentiary hearing to explain his delay. As this court has previously recognized, "'an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Spencer*, 8th Dist. Cuyahoga No. 92992, 2010-Ohio-667, ¶ 9, quoting *Smith*, 49 Ohio St.2d 261 at 264, 361 N.E.2d 1324.

{¶28} We find no abuse of discretion in the trial court's denial of Villavicencio's postsentence motion to withdraw his guilty plea. The fourth, fifth, and sixth assignments of error are overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR