[Cite as *State v. Dent*, 2014-Ohio-3141.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100605**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HAROLD DENT

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-540631

**BEFORE:** S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**FOR APPELLANT**

Harold Dent, pro se
Inmate No. 600-919
Grafton Correctional Institution
2500 South Avon-Beldon Road
Grafton, OH   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Defendant Harold Dent appeals the trial court's decision denying his postsentence motion to withdraw a guilty plea. For the following reasons, we affirm.

**{¶2}** In February 2011, Dent entered a guilty plea to a single count of burglary, for which the trial court sentenced Dent to a seven-year term of imprisonment. Dent did not directly appeal. In August 2013, Dent filed a motion to withdraw his guilty plea. The trial court denied the motion, and Dent timely appeals that decision, advancing five assignments of error. Dent claims that the trial court erred in denying the postsentence motion to withdraw his plea because the trial court failed to sentence according to the dictates of the plea agreement; that Shaker Heights police failed to provide Dent with his medicine for heroin withdrawal, thereby rendering his confession suspect; that his trial counsel ineffectively explained the terms of the plea deal; and that evidence should have been suppressed as fruit of the poisonous tree. We find no merit to any of Dent's assigned errors.

**{¶3}** Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of proof, and the postsentence withdrawal of a guilty plea is only available in extraordinary cases to correct a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977); *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502. We review the trial court's decision under an

abuse of discretion standard. *Smith* at 264; *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶4} The doctrine of res judicata, however, prohibits all claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised on direct appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *State v. Conner*, 8th Dist. Cuyahoga No. 98084, 2012-Ohio-3579, ¶ 7. This concept extends to situations involving defendants who failed to file the direct appeal. *State v. Walters*, 4th Dist. Scioto No. 12CA3482, 2013-Ohio-695, ¶ 14; *State v. Maggianetti*, 7th Dist. Mahoning No. 10-MA-169, 2011-Ohio-6370, ¶ 15; *State v. Aquino*, 8th Dist. Cuyahoga No. 99971, 2014-Ohio-118, ¶ 12; *State v. Wilson*, 9th Dist. Summit No. 26511, 2013-Ohio-1529, ¶ 7; *State v. Britford*, 10th Dist. Franklin No. 11AP-646, 2012-Ohio-1966, ¶ 13.

{¶5} Every one of Dent's claims were immediately apparent upon the pronouncement of his sentence and, further, could have been raised in the direct appeal of his conviction. The doctrine of res judicata precludes Dent from belatedly raising those claims in a postsentence motion to withdraw his plea. Accordingly, his assignments of error are overruled. The trial court did not abuse its discretion in denying Dent's postsentence motion to withdraw his guilty plea.

{¶6} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR