[Cite as *State v. Williams*, 2016-Ohio-2629.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103144**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ADRIAN WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576076-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 21, 2016

**ATTORNEYS FOR APPELLANT**

Michael J. Cheselka, Jr.
Sarah R. Cofta
Michael J. Cheselka, Jr., L.L.C.
75 Public Square
Suite 920
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1}   Adrian Williams appeals the trial court's decision denying his postsentence motion to withdraw a guilty plea.   For the following reasons, we affirm.

{¶2} Williams pleaded guilty to gross sexual imposition, a felony of the third degree, and attempted kidnapping with a sexual motivation specification, a felony of the second degree.   The state agreed to a five-year aggregate sentence, as a product of the plea negotiations, and conceded that the offenses were allied offenses of similar import. The trial court acknowledged the plea agreement at the colloquy, but did not forewarn Williams of the possibility of a longer prison term.   At sentencing, after Williams claimed innocence, the trial court sentenced him to an aggregate eight-year term of imprisonment because of his criminal history.   Williams timely appealed his sentence in 8th Dist. Cuyahoga No. 101217; however, he successfully obtained dismissal of the appeal pursuant to App.R. 28 after obtaining two extensions of time to file a merit brief.

{¶3} Immediately after the dismissal entry, Williams filed a motion to withdraw his plea with the trial court.   The trial court did not rule upon that motion.   Eight months thereafter, Williams filed a renewed motion to withdraw his guilty plea.   Both motions were denied and are the subject of the current, timely appeal.   We find no grounds to reverse the trial court's decision.   The doctrine of res judicata precluded Williams from seeking to withdraw his guilty plea.

**{¶4}** Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of proof, and the postsentence withdrawal of a guilty plea is only available in extraordinary cases to correct a manifest injustice. *State v. Dent*, 8th Dist. Cuyahoga No. 100605, 2014-Ohio-3141, ¶ 3-4; *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977); *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502. We review the trial court's decision under an abuse of discretion standard. *Smith* at 264; *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶5}** However, the doctrine of res judicata precludes a defendant from raising claims in a postsentence motion to withdraw a guilty plea that could have been raised on direct appeal. *Dent* at ¶ 4; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *State v. Conner*, 8th Dist. Cuyahoga No. 98084, 2012-Ohio-3579, ¶ 7. This concept extends to situations involving defendants who failed to file the direct appeal. *Dent*; *State v. Aquino*, 8th Dist. Cuyahoga No. 99971, 2014-Ohio-118, ¶ 12; *State v. Walters*, 4th Dist. Scioto No. 12CA3482, 2013-Ohio-695, ¶ 14; *State v. Maggianetti*, 7th Dist. Mahoning No. 10-MA-169, 2011-Ohio-6370, ¶ 15; *State v. Wilson*, 9th Dist. Summit No. 26511, 2013-Ohio-1529, ¶ 7; *State v. Britford*, 10th Dist. Franklin No. 11AP-646, 2012-Ohio-1966, ¶ 13.

**{¶6}** In *Dent*, the defendant appealed the trial court's denial of a postsentence motion to withdraw a plea, advancing an argument that the trial court sentenced him to a

prison term that was greater than the plea agreement set forth. *Id.* at ¶ 2. The defendant had not filed a direct appeal of his conviction. *Id.* A panel from this court affirmed the denial of the postsentence motion to withdraw the guilty plea, holding that because the defendant's claims were immediately apparent upon the pronouncement of his sentence and could have been raised on a direct appeal, he was precluded from seeking to withdraw the plea in the trial court. *Id.* at ¶ 5; *see also State v. Jones*, 8th Dist. Cuyahoga No. 93478, 2010-Ohio-1985, ¶ 7.

{¶7} The same result must follow in this case. Williams directly appealed his conviction and could have included an assignment of error claiming the trial court erred by imposing a prison term greater than the plea agreement provided, without first notifying him of that possibility before accepting the guilty plea. *See, e.g., State v. Asberry*, 173 Ohio App.3d 443, 449, 2007-Ohio-5436, 878 N.E.2d 1082 (8th Dist.) (the failure to forewarn the defendant of the trial court's obligation to independently consider the appropriate prison term could be reversible error). Such an error, if indeed it was reversible error in this case, was immediately apparent upon the trial court's pronouncement of Williams's sentence. Instead of prosecuting his direct appeal, Williams successfully sought to have it dismissed. The doctrine of res judicata then precludes him from advancing any arguments that could have been raised in that direct appeal.

{¶8} Against the doctrine of res judicata, Williams argues that the trial court possessed jurisdiction to consider his motion because no panel from this district affirmed

his conviction, referring to the principle espoused in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978), and its progeny. In *Special Prosecutors*, the Ohio Supreme Court held that once a conviction is affirmed by an appellate court, the trial court lacks jurisdiction to consider a postsentence motion to withdraw a plea. *Id.* Williams is confusing a trial court's lack of jurisdiction with its consideration of the affirmative defense of res judicata. Nothing from the record supports Williams's claim that the trial court denied his motion for lack of jurisdiction. In fact, the state's sole argument in the brief in opposition was entirely based on the doctrine of res judicata.

{¶9} In order to determine whether the doctrine of res judicata applies, a trial court must have jurisdiction to consider the merits of the underlying motion. Res judicata is not a jurisdictional concept. The doctrine is an affirmative defense to the merits of a defendant's motion that the state must timely raise. *State v. Delgado*, 8th Dist. Cuyahoga No. 102653, 2015-Ohio-5256, ¶ 15 (res judicata is an affirmative defense), citing *State v. Walls*, 8th Dist. Cuyahoga No. 79196, 2001 Ohio App. LEXIS 5188, *7 (Nov. 21, 2001), and *State v. Skoglund*, 8th Dist. Cuyahoga No. 46988, 1983 Ohio App. LEXIS 15958, *4 (Nov. 3, 1983). For this reason, Williams's attempt to distinguish his situation from that presented in *Dent*, 8th Dist. Cuyahoga No. 100605, 2014-Ohio-3141, is misplaced.

{¶10} We affirm the trial court's denial of Williams's postsentence motion to withdraw his guilty plea.

It is ordered that appellee recover from appellant costs herein taxed.        The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR