OPINION
{¶ 1} Keith Von Allmen appeals from his conviction in the Fairborn Municipal Court of underage drinking:
 {¶ 2} On October 10, 2003, in case numbered 03CRB02331, the defendant entered a plea of guilty to possession of alcohol while under 21 years of age, a misdemeanor of the first degree, in violation of § 4301.69 of the Ohio Revised Code. The Court imposed a fine in the amount of $75.00 and suspended 30 days in jail on condition defendant not possess or consume any alcohol until 21 years of age and that he perform 16 hours of community service.
 {¶ 3} On March 31, 2004, in case numbered 03CRB02575, the defendant entered a plea of guilty to attempted possession of alcohol while under 21 years of age, a misdemeanor of the second degree, in violation of Ohio Revised Code § 4301.69 and § 2923.02. The Court imposed a fine in the amount of $125.00 and suspended 60 days of a 90-day no good time jail sentence, with a report date of June 9, 2004 for the balance of 30 days, on the condition of no possession or consumption of alcohol until 21 years of age. Defendant was also placed on three years probation for an alcohol and drug assessment and follow-up if recommended.
 {¶ 4} Although the defendant was not represented by counsel in case numbered 03CRB02331 when he pled guilty, he was represented by counsel in case numbered 03CRB02575.
 {¶ 5} Newly retained counsel filed a motion to withdraw the guilty pleas in both of these cases on behalf of the defendant on April 19, 2004. The basis of the motion was that there was no articulable reason or reasonable cause for defendant's detention in these cases.
 {¶ 6} In overruling the defendant's motion without a hearing, the trial court stated that the defendant had ample opportunity in the second case to determine with counsel whether a motion to suppress should have been filed. The court stated there was no allegation that counsel was ineffective to the point of creating a "constitutional defect." The defendant appealed that decision and the trial court stayed the defendant's sentence pending the outcome of this appeal.
 {¶ 7} In his first assignment, Von Allmen contends the trial court abused its discretion in denying his withdrawal motion without a hearing. Von Allmen contends the police lacked articulable suspicion in both cases to stop him to determine if he was consuming alcohol while underage. He contends that if he had been granted a hearing, he would have testified that his counsel in the second case never discussed the particulars of his arrest.
 {¶ 8} The State argues that the defendant did not supplement his motion with any documentation in support of his Terry based argument nor did he request an evidentiary hearing to flesh out the issues.
 {¶ 9} Rule 32.1 of the Ohio Rules of Criminal Procedure provides that:
 {¶ 10} "[A] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Rule does not provide a definition for manifest injustice, but our Court of Appeals has addressed the issue. In State v. Hartzell, Case No. 17499, Montgomery County Court of Appeals (1999), the Court stated that:
 {¶ 11} "[T]he manifest injustice standard demands a showing of extraordinary circumstances. Further, the defendant has the burden to prove the existence of manifest injustice."
 {¶ 12} A hearing on a post-sentence motion to withdraw a plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. State v. Blatnik
(1984), 17 Ohio App.3d 201. In State v. Hamed (1989), 63 Ohio App.3d 5, the Cuyahoga County Court of Appeals held that a defendant was entitled to an evidentiary hearing on his post-sentencing motion to withdraw based on a claim that his counsel had been ineffective where factual allegations, if true, would have entitled him to a plea withdrawal. The defendant cited specific instances where counsel failed to make even a minimal effort to assess the merits of the case.
 {¶ 13} In the first case, the defendant was not represented by counsel and so no ineffectiveness claim could lie. In the second matter, the court file contains the Wright State University Police Report. The Report provides as follows:
 {¶ 14} "On November 8, 2003 at approximately 0105 hours Officer Scott and I were conducting an investigation inside the Forest Lane laundry room. While inside, A1 and another student walked into the laundry room and A1 was holding a plastic cup. At that time I asked A1 what was in his cup, and A1 stated `Nothing much.' At that time I walked over and looked in A1 cup and saw draft beer in the container. I then asked A1 for his identification, and he stated he didn't have it on him. I noticed his wallet was in his pocket and pointed that out to him. At that time he stated that he did have his driver's license.
 {¶ 15} "I asked A1 how old he was and A1 stated that he was 19. A1 also informed me that he had previously been cited for underage consumption and if he got in trouble again, he would be kicked out of school.
 {¶ 16} "At that time A1 was issued citation #NT44792 for O.R.C. 4301.96I(E), Underage Consumption, and cited into your court."
 {¶ 17} Nothing in the police report filed in this matter suggests that Officer Scott did not have articulable suspicion to request that the defendant provide identification to verify his age. Scott merely asked the defendant as he entered the laundry room what was in the cup the defendant was holding. He observed the draft beer in the defendant's cup in "plain view." Since he believed the defendant was a student he possessed at least articulable suspicion that he was consuming alcohol while underage in violation of law and it was reasonable for him to request the defendant provide some identification. The trial court properly found that there was no basis for a hearing on the defendant's motion. The first assignment of error is overruled.
 {¶ 18} In his second assignment, Von Allmen contends the trial court should have permitted him to withdraw his guilty plea because his counsel had a conflict of interest since Wright State provided him representation through the Prepaid Legal Services Program and it was Wright State who prosecuted him for the offenses. The State argues this assignment should be overruled because Von Allmen did not raise the conflict of interest issue in his motion to withdraw. We agree. The second assignment of error is overruled.
 {¶ 19} The judgment of the trial court is Affirmed.
Fain, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)