[Cite as *State v. Harris*, 2019-Ohio-3061.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2018-T-0096 |
| TIMOTHY WAYNE HARRIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 00200.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Timothy Wayne Harris,* pro se, PID: A674-588, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, OH 43724 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Timothy Harris Jr., appeals from the judgment of the Trumbull County Court of Common Pleas, denying his post-sentence motion to withdraw his guilty plea. We affirm.

{¶2} In April 2016, the Trumbull County Grand Jury returned a 15-count indictment, charging appellant with eight counts of pandering sexually oriented matter involving a minor, felonies of the second degree, in violation of R.C. 2907.332(A)(1) &

(C); four counts of pandering sexually oriented matter involving a minor, felonies of the second degree, in violation of R.C. 2907.332(A)(2) & (C); and three counts of pandering sexually oriented matter involving a minor, felonies of the fourth degree, in violation of R.C. 2907.332(A)(5) & (C). Appellant's defense counsel filed a motion to suppress statements made by appellant during the execution of a search warrant. The motion was subsequently granted. In November 2015, however, appellant entered a plea of guilty to an amended indictment charging 15 counts of illegal use of a minor in nudity-oriented material or performance, felonies of the fifth degree, in violation of R.C. 2907.332(A)(3) & (B). After conducting a full and thorough plea colloquy, the trial court accepted appellant's guilty plea and sentenced him to a jointly recommended, aggregate sentence of four years imprisonment.

{¶3} In April 2018, appellant filed a pro se motion to withdraw his guilty plea. Appellant argued the trial court should allow him to withdraw his guilty plea because he is actually innocent of the charges to which he pleaded and his plea was a result of trial counsel's ineffectiveness. The trial court denied appellant's motion and this appeal followed. Appellant assigns the following two errors for our review:

{¶4} "[1.] The trial court erred by denying appellant's motion to withdraw guilty plea in violation of his Fourteenth Amendment rights due to the fact that the appellant is actually innocent and there is no factual basis for the charges.

{¶5} "[2.] The trial court erred by denying appellant's motion to withdraw guilty plea in violation of his Sixth Amendment right to effective assistance of counsel."

{¶6} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the

court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶7} We review a trial court's decision to grant or deny a post-sentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 for abuse of discretion. *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶21. The phrase "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

{¶8} In *State v. Derricoatte*, 11th Dist. Ashtabula No. 2012-A-0038, 2013-Ohio-3774, ¶18, this court stated:

> {¶9} This court has defined the term 'manifest injustice' as a 'clear or openly unjust act.' *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶12. Pursuant to this standard, extraordinary circumstances must exist before the granting of a post-sentencing motion to withdraw can be justified. *Id.* 'The rationale for this high standard is "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe."' [*State v.*] *Robinson*, [11th Dist. Lake No. 2011-L-145,] 2012-Ohio-5824, at ¶14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, * * * (1985).

{¶10} Further, in *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *3 (March 22, 2002), this court explained that in order to show ineffective assistance of counsel in a plea deal, a defendant must show that the ineffective assistance "precluded a defendant from entering his plea knowingly and voluntarily."

{¶11} Preliminarily, appellant failed to raise the alleged lack of a factual basis in his motion before the trial court. As a result, he waived the issue. *See, e.g., State v. Von Allman*, 2d Dist. Greene No. 2004-CA-51, 2005-Ohio-1384, ¶18. Even had he raised the issue below, however, his argument lacks merit. First of all, the state

3

is not required to articulate the factual basis for a felony guilty plea at the plea hearing. *See, e.g., State v. Post*, 32 Ohio St.3d 380, 387 (1987). And, regardless of this legal point, at the guilty plea hearing, the court requested the state to set forth a factual basis, and the prosecutor made the following recitation on record:

{¶12} Your Honor, had this matter proceeded to trial, the state would have offered testimony and evidence that this defendant did knowingly possess child pornography. The state would have offered the images with regard - - and videos - - with regard to Counts 1 through 15, as well as testimony from the FBI, Ohio BCI, and other law enforcement agencies.

{¶13} Appellant's argument relating to the purported lack of a factual basis is without merit.

{¶14} Next, appellant asserts the trial court erred in failing to grant his motion because the record reflects he was actually innocent. Appellant premises his position on the alleged lack of evidence tying him to the charges. He maintains the only evidence against him were his own statements, which were suppressed. He additionally argues his trial counsel was ineffective for advising him to enter the plea in light of the alleged dearth of evidence. We do not agree.

{¶15} Initially, although appellant's statements were suppressed, this does not imply the state possessed no evidence to try appellant and ultimately convict him had he proceeded to trial. The state was not required to detail the specific evidence it intended to present to a jury at the guilty plea hearing. In its brief recitation, the state identified general witnesses as well as documentary evidence it possessed in support of the charges. The plea colloquy demonstrates appellant was advised that, if he proceeded to trial, the state was required to prove, beyond a reasonable doubt, that he possessed or viewed material or performances that showed a minor, who is not his child

4

or ward, in a state of nudity. Appellant stated he understood the foregoing; he further stated he understood the consequences of proceeding to trial and the punishment he could face if he was found guilty. In light of appellant's acknowledgements, appellant still elected to enter a guilty plea. These points militate heavily against appellant's claim of actual innocence.

{¶16} Moreover, appellant stated he consulted with trial counsel regarding his plea prior to the hearing. Appellant stated he "fully" understood the advice counsel provided and not only was he satisfied with counsel's performance, but he emphasized that counsel has "been great."

{¶17} The record demonstrates appellant was thoroughly advised of each constitutional right he was waiving and of each non-constitutional component of Crim.R.11. We discern no irregularity in the plea colloquy and no record evidence that counsel's performance was deficient such that appellant's plea would be rendered invalid. We therefore hold appellant's plea was entered knowingly, intelligently and voluntarily. As such, there was no manifest injustice that would necessitate setting aside appellant's plea of guilty. Accordingly, the trial court did not abuse its discretion in denying appellant's post-sentence motion to withdraw his plea.

{¶18} Appellant's assignments of error lack merit

{¶19} For the reasons stated in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.

5